**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL SMITH, <br><br> Plaintiff, <br><br> v. <br><br> MERCER COUNTY CORRECTIONAL FACILITY, <br><br> Defendant. | Civil Action No. 23-21570 (MAS) (TJB) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Daniel Smith's *in forma pauperis* application (ECF No. 1-1) and civil complaint. (ECF No. 1.) Having reviewed the application, and having found that leave to proceed *in forma pauperis* is warranted in this matter, Plaintiff's application shall be granted. As Plaintiff shall be granted *in forma pauperis* status, this Court is required by 28 U.S.C. § 1915(e)(2)(B) to screen the complaint and dismiss the complaint if it is frivolous, malicious, or fails to state a plausible claim for relief. For the following reasons, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim.

**I.   BACKGROUND**

Plaintiff is a state prisoner currently confined in the Mercer County Correctional Facility ("MCCF"). (ECF No. 1 at 3, 5-6.) On an unspecified date, at approximately 9:30 p.m., Plaintiff was preparing for bed while one of his cellmates was in bed and the other was climbing into his bunk. (*Id.* at 5-6.) As Plaintiff lifted his head after clearing the front of his bed, he "heard a crack then the bunk hit [him] in the head [and] knocked [him] to the floor." (*Id.*) Plaintiff heard another

"snap" and was pinned to the floor, injuring his head, back, arm, and neck. (*Id.*) Plaintiff was subsequently taken to the hospital for treatment. (*Id.*) While the complaint contains few details, it appears that the bunk bed in Plaintiff's cell at least partially collapsed, injuring Plaintiff. (*Id.*) Plaintiff now seeks to bring suit against the jail in which he is detained. (*Id.* at 1-2.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

2

plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to bring a prisoner civil rights claim pursuant to 42 U.S.C. § 1983 against the jail in which he is housed, the MCCF, for injuries he suffered when a bunk bed collapsed in his cell. (ECF No. 1 at 3, 5-6.) A county jail, however, is not a proper person subject to suit under 42 U.S.C. § 1983. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2015). As the sole named Defendant in this matter is not a person subject to suit under the statute, Plaintiff's complaint must be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Although the failure to name a proper defendant is sufficient to warrant the dismissal of the complaint in this matter, the Court further notes that Plaintiff's allegations fail to state a claim for relief in any event. Plaintiff attempts to raise a claim against the jail for failing to protect him

from the faulty bed frame which injured him.[1] In order to successfully plead such a claim, however, Plaintiff would have to plead facts indicating that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the officer was "deliberately indifferent" to that risk, resulting in harm. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). A defendant will only be found deliberately indifferent where he knew of and disregarded a known risk of serious harm. *Belt*, 336 F. Supp. 3d at 438. Here, Plaintiff fails to plead that the falling bed frame was a known risk of harm or that any jail official was aware of the issue and chose to ignore it. In the absence of allegations that a proper defendant knew of, and disregarded, a known risk of harm related to the collapsing bed frame, Plaintiff cannot state a plausible claim for relief for failure to protect. Plaintiff's civil rights complaint would therefore be subject to dismissal for failure to state a claim even had Plaintiff named an appropriate defendant.

---

[1] This Court construes Plaintiff's complaint as raising a federal civil rights claim because Plaintiff used the form for such a claim, and it is the only clearly apparent federal claim that can be inferred from the complaint. (ECF No. 1 at 5-6.) To the extent that Plaintiff may have intended to raise a state law negligence claim or some other state law tort claim, this Court would lack jurisdiction to consider such a claim in the absence of a plausible federal claim over which this Court has original jurisdiction. *See, e.g.*, 28 U.S.C. § 1367. If Plaintiff's intent was to pursue such a state law claim, and not a true federal claim, the appropriate course would be for Plaintiff to plead such a claim in a complaint filed in state court.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE